UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
MARY A. BRIDGES,                                )          No. 04-30886
                                                )
                    Debtor.                     )

**CORRECTED OPINION**\*

This Chapter 13 case is before the Court on the Motion filed by the Chapter 13 Trustee, Russell C. Simon (Trustee), on February 23, 2007, to Hold the Case Open for Receipt of Personal Injury Proceeds. The Trustee has requested that the Court hold the case open until the proceeds are paid, but not to exceed June 30, 2007. In a hearing on March 19, 2007, the Debtor, Mary A. Bridges (Debtor), objected to the Motion stating that she has completed her thirty-six monthly payments and is entitled to a discharge. The Court granted both parties time to submit authority subsequent to the hearing, however neither party filed any further documents.[1]

The Debtor's first amended confirmed Chapter 13 plan, under Section I, Funding of Plan, contains two provisions for payments (Doc. 21). The first is a provision for monthly payments for thirty-six months. The second provision is found in Section C., "Other Payments (for example, proceeds of sale, recovery on lawsuits, tax refund)." In that section it states the source is a pending personal injury claim, the estimated date of receipt is unknown and the estimated amount is unknown.

The Debtor completed the thirty-six monthly payments in March, 2007. According to the Trustee, and not disputed by the Debtor, the distribution to unsecured creditors was $1,250.35,

---

[1] The Debtor filed a request for additional time to submit authority, which the Court granted, but she did not file any authority.

which is 3.64%. The estimated amount of proceeds from the personal injury claim, claimed by the Trustee and not disputed by the Debtor, is between $5,000.00 and $10,000.00. Applying those amounts to unsecured claims would increase the distribution to unsecured creditors to between approximately 18% and 37%.

The issue is whether the proceeds from the personal injury claim listed in the "Other Payments" section of the confirmed plan is a payment that is to be made under the plan. Courts have consistently held that 11 U.S.C. § 1328(a)[2] requires completion of "all payments under the plan," which is not limited to the thirty-six monthly payments. *See generally In Re Rivera*, 177 B.R. 332, (Bankr.C.D.Cal. 1995); *Matter of Carr*, 159 B.R. 538 (D.Neb. 1993). The proceeds from the personal injury claim are listed as a payment to be made under the confirmed plan and it specifically states that the date of receipt for that payment is unknown. To benefit from liberal discharge provisions, a debtor must comply with 11 U.S.C. § 1325(a)(3), which requires that the plan has been proposed in good faith. *In re Brown*, 56 B.R. 293 (Bankr.N.D.Ill. 1985). Assuming that the plan was proposed in good faith, then the Debtor clearly understood that the proceeds from the personal injury claim were a payment to be made under the plan and were always to be turned over to the Trustee to be distributed to her creditors. The Debtor argues that the proceeds only needed to be turned over if the claim was resolved during the thirty-six month period. However, the Debtor has not shown any language, in the plan or elsewhere, that would tend to indicate that such payment was contingent upon a resolution within a certain time frame.

The Debtor's primary argument is that she has completed thirty-six months under the plan, made the thirty-six monthly payments, and that she is entitled to her discharge. However, as previously noted, her plan contained another payment in addition to the thirty-six monthly payments.

---

[2] As this case was filed in 2004, and the controlling law is the statute as written in 2004, all references to the Bankruptcy Code will be as written in 2004, unless otherwise stated.

11 U.S.C. § 1328(a) states that the court shall grant the debtor a discharge "as soon as practicable after completion by the debtor of *all* payments under the plan" (emphasis added). 11 U.S.C. § 1328(a). Here, the Debtor has not completed *all* of her payments included in the confirmed plan. The Debtor's interpretation of her plan would result in the Debtor receiving a substantial windfall to the detriment of her unsecured creditors who relied on her stated plan. Furthermore, thirty six months is not an absolute limit. 11 U.S.C. § 1322(d) governs the contents of a plan and states, "[t]he plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period." Cause, "is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Texas State Optical, Inc.*, 188 B.R. 552 at 556 (Bankr.E.D.Tex. 1995) citing *In re Sentry Park, Ltd.*, 87 B.R. 427 (Bankr.W.D.Tex. 1988). In this case, the Court believes that the facts and the equities provide adequate cause to interpret the Debtor's plan in such a manner so as to hold the case open.

     This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

ENTERED: May 11, 2007

                                              /s/ William V. Altenberger
                                       UNITED STATES BANKRUPTCY JUDGE

*The original opinion docketed this date showed an incorrect entry date.